The Law Offices of Avrum J. Rosen, PLLC
Proposed Attorneys for Richard L. Stern, Trustee
38 New Street
Huntington, New York 11743
631 423 8527
Fred S. Kantrow
Scott T. Dillon

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

In re:                                                    Chapter 7

       A TO Z PRINTING, LTD.,                      Case No.: 15-71465-reg

                   Debtor.
---------------------------------------------------------x

## APPLICATION FOR ENTRY OF AN ORDER UNDER RULE 2004
## OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
## DIRECTING BANK OF AMERICA, N.A. TO PRODUCE DOCUMENTS

      Richard L. Stern, interim Chapter 7 trustee ("Trustee"), of the bankruptcy estate of A to Z Printing, Ltd., debtor ("Debtor"), by and through his proposed attorneys, The Law Offices of Avrum J. Rosen, PLLC, respectfully submits this as and for his application ("Application") for entry of an Order directing Bank of America, N.A., ("BOA") to produce documents, under Section 105 of Title 11, United States Code ("Bankruptcy Code") and Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule"), and states as follows:

### JURISDICTIONAL PREDICATE

      1.      This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

      2.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

      3.      The statutory predicates for the relief sought herein are: (i) Bankruptcy Code Section 105; and (ii) Bankruptcy Rule 2004.

### BACKGROUND INFORMATION

      4.      This case was commenced by Debtor by its filing of a voluntary petition under Chapter 7 of the Bankruptcy Code on April 7, 2015.

5.      Richard L. Stern was appointed interim Chapter 7 Trustee of Debtor's estate. Debtor's Section 341(a) meeting of creditors is presently scheduled for May 19, 2015 at 10:00 a.m.

6.      Debtor, prior to the commencement of the within case, maintained checking and/or savings accounts with BOA.  Upon information and belief, Debtor: (i) deposited its receipts from individuals and/or corporate entities; (ii) paid its operational expense; (iii) paid the personal expenses of the principals and/or officers of Debtor, from the accounts maintained by Debtor with BOA.

7.      Upon information and belief, Debtor received no consideration for transfers made directly to its principals or for transfers made to creditors of the principals, for which Debtor had no privity with such creditors, from the BOA bank accounts.

8.      Trustee seeks information regarding: (i) general information regarding Debtor's role in what Trustee believes was a systematic scheme to deplete the assets of Debtor for the personal pecuniary benefit of Debtor's principals; and (ii) to determine what individuals and or entities received transfers of property of the estate, for which Debtor's estate may be entitled to recover for the benefit of creditors.

9.      It is imperative that Trustee's due diligence investigation of the pre-petition acts of Debtor and its principals includes a forensic examination of Debtor's books and records, which includes the bank statements and copies of checks in BOA's possession.

**RELIEF REQUESTED**

10.      By this Application, Trustee seeks an Order of this Court, substantially in the form of the proposed Order annexed hereto compelling BOA to produce: (i) the documents specified in

2

Schedule "A" to the proposed subpoena (annexed hereto as Exhibit "**A**"): and (ii) to appear for an oral deposition, if necessary.

11.     As a threshold matter, Trustee has the absolute right to be heard in this case pursuant to Bankruptcy Code Section 1109(b) "A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter."

12.     Bankruptcy Rule 2004 provides, in pertinent part, as follows:

> (a) Examination on Motion.  On Motion of any party in interest, the court may order the examination of any entity.

> (b) Scope of Examination.  The examination of any entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge . . . [T]he examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired by the debtor for purposes of consummating a plan and the consideration given therefor, and any other matter relevant to the case or to the formulation of a plan.

> (c) Compelling Attendance and Production of Documents.  The attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial.  As an office of the court, an attorney may issue and sign a subpoena on behalf of the court for the district in which the examination is to be held if the attorney is admitted to practice in that court or in the court in which the case is pending.

*Fed. R. Bankr. P. 2004(a), (c), (d).*

13.     The District Court, in *In re Corso*, described the scope of Bankruptcy Rule 2004, holding:

3

> The purpose of such a broad discovery tool is to assist the trustee in revealing the nature and extent of the estate; ascertaining assets; and discovering whether any wrongdoing has occurred … In addition, FRBP 2004 is used as a pre-litigation device to determine whether there are grounds to bring an action.

*In re Corso*, 328 B.R. 375, 383 (E.D.N.Y. 2005).

14.    Furthermore, examinations under Bankruptcy Rule 2004 include within their scope, *inter alia,* any matter that may relate to the property and assets of the estate; the financial condition of the debtor; any matter that may affect the administration of a debtor's estate; and, in a chapter 11 case, any matter relevant to the case or to the formation of a plan.  *See, Fed. R. Bankr. P. 2004(a), (c) and (d).*   Court have consistently recognized that the scope of discovery under Bankruptcy Rule 2004 is extraordinarily broad. *See, e.g., In re Ionosphere Clubs, Inc.,* 156 B.R. 414, 432 (S.D.N.Y. 1993) (likening the scope of a Rule 2004 examination to a 'fishing expedition'); *In re Bakalis,* 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996); *In re Bennett Funding Group, Inc.,* 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) (holding that the scope of a Rule 2004 examination is "admittedly unfettered and broad". (citations omitted).

15.    The discovery sought by and through this Application goes directly to the acts, conduct and administration of Debtor's estate.  Specifically, Trustee seeks, *inter alia,* information regarding: (i) the role the Debtor played in connection with what is believed to be a scheme and/or course of dealing by Debtor's principals to deplete and consume any and all capital of Debtor to the detriment of creditors; and (ii) to determine what individuals and/or entities received property of the estate, to quantify such receipts, in order to determine whether the estate maintains causes of action to recover such transfers.  Accordingly, the requested discovery is directly related to the "acts, conduct or property or to the liabilities" of Debtor's estate and is eminently appropriate under Bankruptcy Rule 2004.

16.     Under Trustee's proposed Order, BOA shall be required to produce documents responsive to Trustee's counsel by the date set for the in the subpoena issued in accordance with Rule 45 of the Federal Rule of Civil Procedure, made applicable under Bankruptcy Rules 9016 and 2004 ("Subpoena").  The Subpoena will provide BOA with not less than ten (10) days for the production of documents following its receipt of the Subpoena.

17.     Trustee respectfully requests that service of the proposed Order and Subpoena, in accordance with Federal Rule 45, by certified mail upon BOA at the following address or such other addresses as Trustee may subsequently discover, be deemed good and proper service of such entered Order and Subpoena: Bank of America, N.A., 100 North Tryon Street, Charlotte, North Carolina 28255.

WHEREFORE, Trustee respectfully requests that this Court grant the Application in its entirety and enter an Order substantially in the form of the proposed Order annexed hereto and grant any such further relief as this Court deems just and proper under the facts and circumstances herein.

Dated: Huntington, New York
         April 29, 2015

The Law Offices of Avrum J. Rosen, PLLC
*Proposed Counsel to Trustee*

BY:     /s/ Scott T. Dillon
        Fred S. Kantrow
        Scott T. Dillon
        38 New Street
        Huntington, New York 11743
        631 423 8527
        Scottdillonesq@gmail.com